**In re ROYAL GORGE ASSOCIATES, a Colorado limited partnership, d/b/a Quality Inn Motel of Canon City and Country Green Apartments, Debtor.**

**In re W.L. ASHER, a/k/a Wilmer L. Asher, SSN: 508–30–0719, d/b/a Asher Associates; Asher Investments; W.L. Asher, M.D.; and Columbine Landing, Debtors.**

**Bankruptcy Nos. 86 B 10142E, 87 B 05472 M.**

United States Bankruptcy Court, D. Colorado.

Aug. 17, 1987.

Barry L. Wilkie and Charles R. Beach, Shaw, Spangler & Roth, Denver, Colo., for debtor.

John M. Franks, Law Offices of John M. Franks, P.C., Denver, Colo., for Jerry Robinson and Hart Financial Corp.

Tom N. Kiehnhoff, McDermott, Kiehnhoff & Meconi, Canon City, Colo., for Canon Nat. Bank.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court upon the Applications for Interim Fees filed by the law firm of Shaw, Spangler & Roth in the total sum of $83,885.50 for fees and $4,964.29 in costs. These applications were objected to by creditors Jerry Robinson, Hart Financial Corporation and Canon National Bank. These interim fee applications were filed in Case No. 86 B 10142 E.

On October 24, 1986, Royal Gorge Associates, a Colorado limited partnership, filed its Chapter 11 petition herein showing the law firm of Shaw, Spangler & Roth as its counsel.

On November 13, 1986, the Debtor filed its Application for Approval of Employment of Attorney along with the law firm's affidavit. Those documents stated that the law firm of Shaw, Spangler & Roth "represent the Debtor in these proceedings and also represent Dr. W.L. Asher, the sole general partner of the Debtor". On November 14, 1986, the Court granted this application.

It was not until the Debtor partnership filed its schedules on November 20, 1986, that it was revealed that W.L. Asher was also a creditor of the estate with a claim of $924,082.85.

Subsequently, on May 11, 1987, this same law firm filed a Chapter 7 petition on behalf of W.L. Asher (Case No. 87 B 05472 M).

On July 7, 1987, this Court ordered that a trustee be appointed to take charge of the partnership's Chapter 11 estate.

At the hearing herein on the interim fee applications, counsel for Shaw, Spangler & Roth, under oath, admitted that the firm represented W.L. Asher before, and during the pendency of the partnership's Chapter 11 case, and continue to represent W.L. Asher.

The Court cannot imagine a more flagrant conflict of interest for counsel. This conflict was known by counsel from the beginning and was not fully disclosed to the Court or to other parties in interest. Such action by counsel cannot be condoned. It is, therefore,

ORDERED that the applications for interim fees filed by Shaw, Spangler & Roth are denied in their entirety.

FURTHER ORDERED that all fees and reimbursement for costs received by Shaw, Spangler & Roth in Case No. 86 B 10142 E and in Case No. 87 B 05472 M shall be

disgorged by Shaw, Spangler & Roth and paid over to the respective Trustees in each of these cases within ten (10) days of the entry of this Order.

FURTHER ORDERED that Shaw, Spangler & Roth is forthwith prohibited from further representation of either of the Debtors in Case Nos. 87 B 05452 M and 86 B 10142 E and each of those Debtors are directed to obtain new counsel within twenty (20) days of the entry of this Order, or file a statement that they wish to proceed *pro se.* Failure to have new counsel enter an appearance or failure to file such a *pro se* statement within the time allowed will result in dismissal of the cases without further notice or hearing.